1

2

3

4

5

6

7       **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

8           **FOR THE COUNTY OF MULTNOMAH**

9   **CASSY ANDERSON,**                    ) Case No.
                                           )
10          Plaintiff,                     ) **COMPLAINT**
                                           )
11              v.                         ) Personal Injuries – Negligence –
                                           ) Employers' Liability Law – Negligence *Per Se*
12  **INTEL CORPORATION,**                 ) (Oregon Safe Employment Act) – Premises Liability
    a Foreign Corporation,                 ) (Not Subject to Mandatory Arbitration)
13                                         ) (Demand for Jury Trial)
                                           ) Amount in Controversy: $2,760,000.00
14          Defendant.                     ) Fee Authority: ORS 21.160(1)(d)

15          Plaintiff alleges:

16                              **COUNT ONE**
                                **(Negligence)**
17

18                                  1.

19          At all relevant and material times herein:

20          a)      Defendant Intel Corporation ("INTEL") was a duly organized foreign
                    corporation, with a principal place of business located at 2200 Mission
21                  College Boulevard, city of Santa Clara, county of Santa Clara, state of
                    California, authorized to do business and doing business by
22                  manufacturing semiconductor chips for sale around the world and in
                    the state of Oregon;
23

24          b)      Defendant Intel carried on regular and sustained business activity
                    within the county of Multnomah, state of Oregon, by actively
25                  engaging in the sale and distribution of semiconductor chips within
                    Multnomah County;
26

Page 1 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

| | | |
|---|---|---|
| 1 | c) | Defendant Intel was the owner and operator of a manufacturing facility for semiconductor chips known as the Ronler Acres Campus, located at 2501 N.W. 229th Avenue, city of Hillsboro, county of Washington, state of Oregon; |
| 2 | | |
| 3 | | |
| 4 | d) | Plaintiff Cassy Anderson ("PLAINTIFF" or "ANDERSON"), was a resident of the city of Portland, county of Multnomah, state of Oregon, and was employed as an apprentice electrician by EC Company dba EC Electric ("EC ELECTRIC"), a duly organized Oregon corporation, authorized to do business and doing business by performing on-site service and repair of complex semiconductor manufacturing systems at various facilities including defendant Intel's Ronler Acres Campus; |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | e) | EC Electric was an outside vendor contracted by defendant Intel to perform on-site installation, servicing and repair of complex semiconductor manufacturing systems. |
| 9 | | |

10                                                    2.

11      On or about November 19, 2018, plaintiff was injured while working at defendant Intel's

12 Ronler Acres Campus. Anderson was working as an apprentice electrician for EC Electric, an Intel

13 subcontractor. Plaintiff's shift began in the morning, at approximately 6:30 a.m.

14                                                    3.

15      At around 8:00 a.m. on the morning of November 19, 2018, plaintiff was working in the clean

16 room on the upper floor of building D1B (Utility). Anderson was performing maintenance work in

17 the fabrication facility with her journeyman, Jerry Haley, when the two determined they needed a

18 couple of parts from the basement where EC Electric stored some of its equipment, as directed by

19 defendant Intel. Anderson was directed to go down to the basement to retrieve the needed parts.

20                                                    4.

21      Plaintiff exited the clean room, removed her clean room "bunny" suit, and went down to the

22 basement in her normal work clothes. While walking down a designated walkway in the basement of

23 building D1B, Anderson stepped on an approximately one inch by three inch brass-colored pipe strap

24 laying loose on the floor. As Anderson's right foot stepped on the pipe strap, the part slid out from

25 underneath her as if she slipped on ice in a skating rink. Anderson fell hard onto the walkway striking

26 her right hip and elbow on the concrete surface and suffering injuries described in more detail below.

Page 2 – COMPLAINT

**PICKETT DUMMIGAN McCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit A
Page 2 of 11

1                                    5.

2        The basement was "busy" visually, with pipes, chains, and utilities both overhead and on both

3    sides of the walkway, requiring workers to pay attention in all directions.  The surface on which

4    plaintiff fell was comprised of smooth, grey concrete with yellow diagonal lines painted on it,

5    approximately two inches (2") in width, and spaced around one foot (1') apart. Most of the walkway

6    surface was dusty at the time plaintiff fell.

7                                    6.

8        Near where plaintiff fell, there was a designated "laydown" location where workers from

9    various trades, including EC Electric, were directed by defendant Intel to put toolboxes, parts, and

10   supplies. There were several toolboxes in the laydown area at the time Anderson fell, but no workers

11   nearby. After her fall, Anderson recognized the pipe strap she slipped on as a very common pipe

12   fitting used throughout the facility. Anderson further recognized the part was different from the

13   electrical-type fitting that her employer, EC Electric, would have utilized. Plaintiff went to the

14   basement twice that morning and had not seen the pipe strap on the floor earlier and did not see the

15   pipe strap before she stepped onto it. Plaintiff never saw Intel employees, referred to as "Blue

16   Badges," monitor or inspect the basement for hazards like loose parts or supplies lying on the floor.

17                                   7.

18       Workers from various trades, including EC Electric, who frequently navigate the basement

19   "laydown" area where plaintiff fell, complained to Intel's employees about the poor lighting in the

20   basement walkways. In the general area of the particular walkway where Anderson fell, there is some

21   lighting that provides minimal illumination, but additional lighting is required for workers to safely

22   perform any work-related tasks.

23                                   8.

24       The negligence of defendant Intel was a substantial factor in causing the injuries to

25   plaintiff Cassy Anderson, as set forth below, in one or more of the following particulars:

26   ///

Page 3 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

1      a)    In failing to adequately monitor, inspect, and maintain the basement
             walkway so that it remained free of potential hazards, such as loose
2            pipe fitting parts;

3      b)    In failing to warn the employees of its subcontractors in general, and
             plaintiff Cassy Anderson in particular, at a time when defendant Intel
4            knew, or, in the exercise of reasonable care should have known, of
             the reasonably foreseeable and unreasonably dangerous risk of harm
5            created by loose parts or supplies lying on the floor in the basement
             walkway in the vicinity of the "laydown" area;
6

7      c)    In failing to develop and/or implement a reasonable safety policy to
             train its employees, and the employees of its contractors and/or
8            subcontractors, to make sure not to leave their equipment or loose parts
             or supplies in the vicinity of the marked walkway in a poorly lit area;
9

10     d)    In failing to adopt efficient procedures such that employees can get
             their work done safely without the pressure to complete tasks as soon
11           as possible;

12     e)    In allowing the "laydown" area to be located near the specially
             demarcated walkway surface, such that it creates the reasonably
13           foreseeable and unreasonably dangerous risk of harm of hazards, such
             as loose parts or supplies, lying in the walkway in an area of minimal
14           illumination;

15     f)    In failing to enforce defendant Intel's safety plan for the prevention of
             slip and fall accidents;
16

17     g)    In failing to provide adequate lighting in the general area of the
             basement walkway, in order to prevent the reasonably foreseeable and
18           unreasonably dangerous risk of harm of a worker slipping and falling
             on loose parts lying on the walkway surface;
19

20     h)    In failing to provide a skid-proof surface on the marked walkway in
             the general vicinity of the "laydown" area where illumination was
21           inadequate, rather than the smooth concrete surface that was provided.

22                                    9.

23          The negligence of Intel in one or more of the particulars set forth above, was a substantial

24     factor in causing, contributing, aggravating, and/or exacerbating the following injuries suffered by

25     plaintiff Anderson:

26     a)    Right hip labral tear;

Page 4 – COMPLAINT

**PICKETT DUMMIGAN MCCALL LLP**
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit A
Page 4 of 11

1    b)  Right hip pain;

2    c)  Swollen and sore right elbow.

3             10.

4   The negligence of Intel in one or more of the particulars set forth above, was a substantial

5 factor in causing plaintiff to undergo the following surgical procedure:

6    a)  Right hip labral repair.

7             11.

8   As a result of the negligence of Intel in one or more of the particulars set forth above,

9 plaintiff has incurred reasonable and necessary medical, hospital, doctor, therapy, nursing, and

10 rehabilitation expenses to date in the approximate sum of $60,000.00. Plaintiff will require further

11 surgery to release the Psoas tendon in her right hip, and will incur reasonable and necessary

12 medical, hospital, doctor, therapy, nursing, and rehabilitation expenses in the future in the

13 approximate sum of $50,000.00. Plaintiff has incurred lost wages to date in the approximate sum

14 of $50,000.00, and will incur loss of wages and/or earning capacity in the future, the present value

15 of which is the approximate sum of $100,000.00, all to her total economic damage in the

16 approximate sum of $260,000.00.

17            12.

18   As a further result of the negligence of Intel in one or more of the particulars set forth

19 above, plaintiff has suffered permanent injury, endured severe pain and distress, and her activities

20 of daily living have been adversely affected, all to her noneconomic damage in a reasonable

21 amount to be awarded by the jury, not to exceed the sum of $2,500,000.00.

22            13.

23   Plaintiff is entitled to pre-judgment interest at the legal rate of 9% per annum for her

24 economically verifiable losses from the date of loss to the date of entry of judgment herein.

25 ///

26 ///

Page 5 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit A
Page 5 of 11

1              14.

2       Plaintiff reserves the right to amend this Complaint at the time of trial to more completely

3   allege her economic losses and/or to conform to proof offered at trial.

4              15.

5       Plaintiff hereby demands a jury trial.

6                          **COUNT TWO**
                    **(Employers' Liability Law)**
7                   **(Not Based on Safety Codes)**

8              16.

9       Plaintiff re-alleges and incorporates ¶¶1 through 15 of Count One.

10             17.

11      At all material times there was in full force and effect in the State of Oregon an Employers'

12  Liability Law ("ELL") which provided in pertinent part as follows:

13          **ORS 654.305.**  Generally, all **owners**, contractors or subcontractors
            and other persons having charge of, or responsibility for, any work
14          involving a risk or danger to the employees or the public shall use
            every device, care and precaution that is practicable to use for the
15          protection and safety of life and limb, limited only by the necessity
            for preserving the efficiency of the structure, machine or other
16          apparatus or device, and without regard to the additional cost of
            suitable material or safety appliance and devices.
17          (emphasis supplied)

18             18.

19      At all material times herein, defendant Intel and its employees were in charge of and

20  responsible for work involving the risk or danger to plaintiff Cassy Anderson, to other employees,

21  and/or to members of the general public.

22             19.

23      Defendant Intel had actual control of the work being done, and/or had retained the right to

24  control the work, and/or was engaged in a common enterprise with EC Electric, plaintiff's

25  employer.

26  ///

Page 6 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

20.

Defendant Intel failed to use every device, care, or precaution which was practical to use for the protection and safety of plaintiff Cassy Anderson's life and limb in one or more of the particulars alleged in ¶8 above.

21.

As a result of one or more of the violations of the ELL by defendant Intel, as set forth above, plaintiff Cassy Anderson suffered injuries, underwent medical procedures, and is entitled to compensatory damages on Count Two, as previously alleged in ¶¶9 through 13 of Count One.

**COUNT THREE**
**(Employers' Liability Law)**
**(Based on Safety Codes)**

22.

Plaintiff re-alleges and incorporates ¶¶1 through 15 of Count One and ¶¶17 through 19 of Count Two.

23.

At all material times there was in full force and effect in the ELL of the State of Oregon, which also provided in pertinent part as follows:

> **ORS 654.310.** All **owners,** contractors, subcontractors, or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all places of employment are in compliance with every applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services. (emphasis supplied).

24.

At all material times herein, defendant Intel as the owner and occupier of the premises, together with its employees, had a duty furnish plaintiff Cassy Anderson a place of employment which was safe and healthful for plaintiff. Anderson, an employee of EC Electric, an outside vendor/subcontractor contracted by Intel, that was performing on-site installation, servicing, and repair of complex

Page 7 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit A
Page 7 of 11

1  semiconductor manufacturing systems, was a business invitee on the premises, performing work

2  activities thereon. Plaintiff was a member of the class of persons intended to be protected by the safety

3  codes, rules, and regulations, set forth below.

4                                              25.

5         Defendant Intel failed to see that Anderson's place of employment complied with all rules

6  and regulations prescribed by the Department of Consumer and Business Services by violating one

7  or more of the following rules and regulations:

8         a)   In violating 29 CFR 1910.22(a)(1) requiring that all places of
              employment, passageways, and walking-working surfaces are kept in
9             a clean, orderly condition;

10        b)   In violating 29 CFR 1910.22(a)(3) requiring that walking-working
              surfaces are maintained free of hazards;
11

12        c)   In violating 29 CFR 1910.22(d)(1) requiring that walking-working
              surfaces are inspected, regularly and as necessary, and maintained in
13            a safe condition;

14        d)   In violating 29 CFR 1910.22(d)(2), requiring that hazardous
              conditions on walking-working surfaces are corrected or repaired
15            before an employee uses the walking-working surface again;

16        e)   In violating OAR 437-002-0022(3)(a), requiring that plants be
              arranged such that provisions for safety (such as adequate work and
17            storage space for the full needs of machinery, equipment and
              operations) shall be included in plant design, layout and operation;
18

19        f)   In violating OAR 437-002-0022(3)(c), requiring that work platforms
              provided shall be of sufficient width to provide a safe working space;
20

21        g)   In violating OAR 437-002-0022(4)(f), requiring aisles, passageway,
              and walkways shall be maintained free of unnecessary obstructions or
22            debris that may create a hazard.

23        h)   In violating 29 CFR 1926.21(b) accident prevention responsibilities;

24        i)   In violating 29 CFR 1926.21(b)(2) accident avoidance
              responsibilities;
25

26  ///

Page 8 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

1    j)    In violating 29 CFR 1926.26 and 1926.56, requiring construction
          areas, aisles, ramps, runways, corridors, and storage areas where work
2          is in progress shall be lighted with either natural or artificial
          illumination to not less than the minimum illumination intensities
3          specified in the rules.

4    k)    In violating ORS 654.305 by failing to use every device, care and
          precaution that is practicable to use for the protection and safety of life
5          and limb.

6                                        26.

7         As a result of one or more of the violations of the ELL by defendant Intel as set forth above,

8    plaintiff Cassy Anderson suffered injuries, underwent medical procedures, and is entitled to

9    compensatory damages on Count Three as previously alleged in ¶¶9 through 13 of Count One.

10                              **COUNT FOUR**
                   **(Negligence *Per Se*–Oregon Safe Employment Act)**
11

12                                       27.

13        Plaintiff re-alleges and incorporates ¶¶1 through 15 of Count One, ¶¶17 through 19 of

14   Count Two, and ¶¶23 through 25 of Count Three.

15                                       28.

16        At all material times, defendant Intel was an employer in charge of, and responsible for,

17   the work involving a risk or danger to plaintiff Cassy Anderson.  The worksite at which plaintiff

18   was working was a "place of employment" as defined in ORS 654.005(8), part of the Oregon Safe

19   Employment Act ("OSEA").  The Ronler Acres Campus was a fixed or movable place where an

20   employee worked temporarily or permanently, where a process, operation, or activity related,

21   either directly or indirectly, to an employer's industry, trade, business or occupation.

22                                       29.

23        Defendant Intel was an owner, as that term is defined in ORS 654.005(6), in that it had

24   ownership, control, and/or custody of the Ronler Acres Campus. Defendant Intel was an employer,

25   as that term is defined in ORS 654.005(6), in that it had one or more employees.

26   ///

Page 9 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit A
Page 9 of 11

30.

By violating one or more of the safety codes set forth in ¶25, defendant Intel failed to comply with every order, decision, direction, standard, rule, or regulation made or prescribed by the department in connection with the materials specified in ORS 654.001 to 654.295 and 654.750 to 654.780, or in any way relating to or affecting places of employment, and failing to do everything necessary or proper in order to secure compliance with and observance of every such order, decision, direction, standard, rule or regulation, as required by ORS 654.022.

31.

As a result of one or more of the violations of the OSEA by defendant Intel as set forth above, plaintiff Cassy Anderson suffered injuries, underwent medical procedures, and is entitled to compensatory damages on Count Four as previously alleged in ¶¶9 through 13 of Count One.

**COUNT FIVE**
**(Premises Liability)**

32.

Plaintiff re-alleges and incorporates ¶¶1 through 15 of Count One.

33.

The loose pipe fitting part that had been left on the dusty floor of the dimly lit basement walkway constituted an unsafe hazard and a dangerous condition, which defendant Intel knew, or, in the exercise of reasonable care, should have known, created a reasonably foreseeable and unreasonably dangerous risk of harm to workers in general and plaintiff in particular.

34.

Defendant Intel owed plaintiff Cassy Anderson a duty to exercise reasonable care to protect her against the risk of injury arising from the aforesaid unreasonably dangerous condition of Intel's premises. Intel breached that duty in one or more of the following particulars:

a)   In failing to exercise reasonable care to protect plaintiff from the conditions on the subject property that posed a reasonably foreseeable and unreasonably dangerous risk of harm;

Page 10 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit A
Page 10 of 11

1          b)      In failing in its duty to exercise reasonable care to discover the conditions of the premises that created a reasonably foreseeable and

2                    unreasonably dangerous risk of harm;

3          c)      In failing to regularly monitor, inspect, and maintain the basement walkway and eliminate the condition that created the reasonably

4                    foreseeable and unreasonably dangerous risk of harm.

5                                        35.

6       As a result of one or more of the failures of defendant Intel to maintain reasonably safe

7   premises for business invitees in general, and plaintiff Cassy Anderson in particular, as set forth

8   above, plaintiff suffered injuries, underwent medical procedures, and is entitled to compensatory

9   damages on Count Five as previously alleged in ¶¶9 through 13 of Count One.

10      WHEREFORE, plaintiff Cassy Anderson prays for judgment against defendant Intel in the

11  total sum of $2,760,000.00, for her costs and disbursements incurred herein, and for such other

12  relief as the court deems just and equitable.

13      DATED this 18th day of November, 2020.

14

15

16                             J. Randolph Pickett, OSB #721974

17                             randy@pdm.legal
R. Brendan Dummigan, OSB #932588

18                             brendan@pdm.legal
Kimberly O. Weingart, OSB #091407

19                             kim@pdm.legal
Shangar S. Meman, OSB #171205

20                             shangar@pdm.legal
Kyle T. Sharp, OSB #204886

21                             kyle@pdm.legal
PICKETT DUMMIGAN MCCALL LLP

22                             of Attorneys for Plaintiff

23

24

25

26

Page 11 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628